ORIGINAL

# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

No. 06-542V
Filed: May 29, 2009

**NOT TO BE PUBLISHED**

FILED
MAY 29 2009
OSM
U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
ROSE E. TURNER,                    *
parent of                          *
MADYLYN GARDNER                    *
                                   *
              Petitioner,          *     Dismissal; Ruling on Record;
                                   *     Encephalopathy; Seizures;
                                   *     Bacterial Infection
                                   *
v.                                 *
                                   *
SECRETARY OF THE DEPARTMENT        *
OF HEALTH AND HUMAN SERVICES,      *
                                   *
              Respondent.          *
*************************************
```

## DECISION

In a Joint Motion filed on May 14, 2009, the parties requested the undersigned to resolve the entitlement issue in this case based upon the current record. Respondent contests petitioner's claim of entitlement. Since the current record does not support petitioner's claim for compensation with either medical records or medical opinion, the undersigned is compelled to dismiss this case. See 42 U.S.C.A. 300aa-13(a)(1). A brief discussion follows.

Petitioner filed her claim on July 27, 2006, pursuant to the National Vaccine Injury Compensation Program[1] ("the Act" or "the Program"), alleging on behalf of her daughter Madylyn that a series of vaccinations given on August 6, 2003, caused Madylyn to suffer an encephalopathy and seizure disorder and subsequent sequelae. Petition at para. 3. The medical records document Madylyn presenting to the emergency room on August 10, 2003 after having

---

[1] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. §§ 300aa-10 et seq. (2006) ("Vaccine Act" or the "Act"). Hereinafter, individual section references will be to 42 U.S.C.A. § 300aa of the Vaccine Act.

been found pale and having difficulty breathing. Petitioner's Exhibit (hereinafter P Ex) 6 at 18-19. The impression was "[s]eptic shock versus other severe metabolic disturbance, seizure." Id. The admission history documents that Madylyn had been well the day prior to admission, smiling and playing. P Ex 9 at 49. Madylyn was hospitalized until September 11, 2003. Id. at 54-56. Her hospital course is described as presenting in "septic shock due to an unknown organism." Id. at 15.

Madylyn was seen by Dr. Lisa Benaron on August 24, 2004 for a medical evaluation. P Ex 3 at 23-32. Dr. Benaron's impression was that "[a]vailable medical records suggest that the etiology of the catastrophic illness was septic shock with resultant hypoxic-ischemic encephalopathy." Id. at 24. However, she added that she was "'not completely convinced' with this diagnosis." Id. Dr. Benaron noted that the role, if any, of the immunizations "merits investigation." Id. at 30.

Petitioner made every effort to support this claim. Petitioner filed the expert report of Dr. Ernest Charlesworth on March 24, 2009. P Ex 1 filed Mar. 24, 2009 (expert report from Dr. Charlesworth dated Oct. 15, 2008).[2] He opines that there is no evidence that the immunizations caused Madylyn's episode on August 10, 2003. Id. at 2 para. 1. He further states that "to a reasonable degree of medical certainty," Madylyn's injury "is the result of cerebral hypoxia and febrile seizures associated with septic shock that was most likely from coagulase-negative Staphylococci." Id. at 2 para. 2. In a supplemental report dated January 31, 2009, Dr. Charlesworth confirms his original opinion. P Ex 1 filed Mar. 13, 2009 (supplemental expert report of Dr. Charlesworth dated Jan. 31, 2009). Dr. Charlesworth also notes the inappropriate temporal relationship between the immunizations and the onset of Madylyn's injury. Id. at 3 para. 5.

Petitioner also filed the report dated May 23, 2008, of Dr. Michael Bronshvag. P Ex 2 filed Mar. 24, 2009 (expert report from Dr. Michael Bronshvag dated May 23, 2008). Dr. Bronshvag also attributes Madylyn's injury to a sepsis event, but attributes the sepsis to necrotizing hemorrhagic enterocolitis. Id. at 2. Further, he comments that Madylyn's injury is not vaccine-related, stating "this patient does not present with features and findings compatible with the syndrome of postvaccination Bordetella pertussis-related seizures." Id. at 3.

Lastly, petitioner filed the report of nurse Mary Cobb. P Ex 1 filed Apr. 30, 2009 (report from Mary Cobb dated Apr. 15, 2009). Ms. Cobb lacks the requisite credentials to opine as an expert. Id. However, Ms. Cobb also attributes Madylyn's condition to an infection-induced sepsis. Id.

---

[2] Respondent received this filing with a service date of Jan. 20, 2009, which did not appear on the court's docket. Petitioner resubmitted the documents for filing on March 24, 2009, and it did not appear respondent was served with the March 24, 2009 filing. Respondent contacted the court and confirmed that the March 24, 2009 filing contained the same expert reports which respondent had previously received. Additionally, petitioner's recent filings were not numbered consecutively with previously filed exhibits. For clarity the undersigned will include a brief description of petitioner's exhibits when citing given the repeated use of Ex 1 and Ex 2 to designate petitioner's filings.

In a last effort to support petitioner's claim, counsel requested at a status conference conducted on April 13, 2009 an opportunity to investigate the accuracy of the testing for the infectious agents blamed for Madylyn's condition. See Order filed April 15, 2009. Petitioner was ordered to report on any evidence pertaining to test contamination by May 15, 2009. Id. Responding to the court's April 15 Order, petitioner joined respondent in requesting this Ruling on the Record. No information concerning any contamination or inaccuracies in Madylyn's tests was provided.

The Vaccine Act precludes a finding for petitioner "based on the claims of a petitioner alone." 13(a)(1). Petitioner's claim must be supported by medical records or medical opinion. Id. In this case, the medical opinions submitted by petitioner not only blame an infectious agent for Madylyn's condition, they also absolve the vaccinations of a causative role. Despite the good efforts of counsel, petitioner has no evidentiary support for her case and therefore it must be dismissed. Accordingly, the Clerk of Court shall enter judgment dismissing this Petition.

**IT IS SO ORDERED.**

Gary J. Golkiewicz
Chief Special Master